UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DENNIS MANSKE,               )
                             )
        Plaintiff,           )
                             )
v.                           )      No. 2:10-cv-320-JAW
                             )
UPS CARTAGE SERVICES, INC., and )
UPS SUPPLY CHAIN SOLUTIONS,  )
INC.,                        )
                             )
        Defendants           )

MEMORANDUM DECISION ON MOTION FOR LIMITED PROTECTIVE ORDER

The plaintiff seeks protection from discovery for tape recordings he secretly made of fellow employees of the defendants in 2008, before his employment was terminated by the defendants and before he retained counsel with respect to the claims asserted in this action. Plaintiff's Motion for a Limited Protective Order ("Motion") (Docket No. 12). Specifically, he seeks an order requiring him to notify the defendants of the identity of the taped employees, permitting him to withhold the recordings "until after the depositions of the relevant witnesses[,]" and requiring him to provide copies of the recordings to the witnesses and defense counsel "immediately after the witnesses' depositions." *Id*. at 4. He cites a February 26, 2010, order in *Gerber v. Down East Community Hospital*, No. 1:09-cv-351-JAW, as authority for his position. *Id*. at 3. I grant the plaintiff's motion.

In response, the defendants contend that Fed. R. Civ. P. 26(b)(3)(C) "explicitly requires" the plaintiff to produce the recordings on demand, as they are "previous statements of an opposing party," and that the "majority of cases discussing the issues" are inconsistent with this

court's order in *Gerber*. Defendants' Opposition to Plaintiff's Motion for a Limited Protective Order ("Opposition") (Docket No. 13) at 1. They note that the plaintiff refused to reveal any further information about the recordings when his deposition was taken. *Id*. at 2-3.

The order on which the plaintiff relies cannot provide any guidance for this dispute. It says the following, in total, about an otherwise unspecified request for "Audio Tapes Without HIPAA protected information":

> I have taken plaintiffs' objections to this request to be a request for a limited protective order which I will grant. Plaintiffs are to produce by March 8, 2010, a list of witnesses or potential witnesses subject to the audio tapes. Immediately following each individual's deposition a copy of the audio tape will be provided to the witness and to defendant's counsel.

Report of Telephone Conference and Order, *Gerber v. Down East Community Hospital*, No. 1:09-cv-351-JAW (Docket No. 41) at [2].

I appreciate the fact that one of the lawyers involved in *Gerber* is the lawyer bringing the instant motion. *Id*. at [1]; Motion at 4. However, his personal knowledge cannot provide the basis for my ruling on his motion. From the order in the earlier case, it is impossible to determine that Judge Kravchuk was ruling "on [the same] precise issue" as that presented here or that the tapes involved were "recordings made of witnesses without their knowledge in the context of the Plaintiff's employment[,]" let alone the conditions under which the recordings were made or the position on the issue taken by that plaintiff's attorneys. Motion at 3.

The only information of record about the deemed motion in the earlier case is presented in full above. That information is insufficient to allow that order to provide any guidance for resolution of the instant dispute.

In *Pro Billiards Tour Ass'n, Inc. v. R.J. Reynolds Tobacco Co.*, 187 F.R.D. 229 (M.D.N.C. 1999), one of two other cases cited by the plaintiff, the dispute concerned a tape

recording of a meeting between the parties made by the plaintiff with the defendant's knowledge. *Id*. at 229. Observing that a party's statement "is normally considered impeachment evidence," *id*. at 230, the court drew a distinction between impeachment evidence and substantive evidence, which is "clearly subject to discovery." *Id*. at 231. It held that "[t]o the extent the substantive value of the evidence outweighs its impeachment value, the Court will not delay production pending the taking of a deposition." *Id.* It held that the use of the recording of the parties' meeting at trial would be substantive, as it allegedly "provides evidence of an oral contract." *Id*. at 232. There is no indication in the materials before the court that the plaintiff intends to use any of his tape-recorded conversations as substantive evidence.

In the other cited case, *Torres-Paulett v. Tradition Mariner, Inc.*, 157 F.R.D. 487 (S.D. Cal. 1994), the dispute concerned a recorded statement taken from the plaintiff by a representative of the defendant shortly after the accident that gave rise to the lawsuit. *Id*. at 488. The court allowed the defendant to withhold the statement until the plaintiff's deposition had been taken. *Id*. at 489.

It is difficult to discern from the parties' submissions whether the statements recorded by the plaintiff in this case will be used solely for impeachment or as substantive evidence as well. The defendants rely on Fed. R. Civ. P. 26(b)(3)(C) in opposing the motion, Opposition at 3-4, but that rule deals only with the statements of parties, and none of the plaintiff's fellow employees whose statements he surreptitiously taped is a party to this action, which names only two corporate defendants. It is possible that some or even all of these employees may be able to bind one of the corporate defendants by his or her statements, but that conclusion would require a separate analysis, pursuant to a separate legal standard, and the information currently before the court is insufficient to allow that analysis to be undertaken at this time.

The case law cited by the defendants, while more recent than that upon which the plaintiff relies, does not require denial of the plaintiff's motion. In *Jerolimo v. Physicians for Women, P.C.,* 238 F.R.D. 354 (D. Conn. 2006), the court held that a surreptitiously-made tape recording of a meeting between the plaintiff and two of the defendants should be produced before the depositions of those defendants were taken, citing Rule 26(b)(3) and finding it likely that the recording would be used as substantive evidence. *Id.* at 356, 357. As I have noted, I cannot make either determination in this instance on the showings made in connection with the motion.

In *Costa v. AFGO Mech. Servs., Inc.*, 237 F.R.D. 21 (E.D. N.Y. 2006), the recorded telephone conversations were again those of named defendants, and the court found that Rule 26(b)(3) required their production, that the fact that they had been made surreptitiously also suggested that they should be immediately produced, and that, since the plaintiff conceded that she would use the recordings substantively at trial, the plaintiff's request to delay production until the depositions of the defendants had been taken would be denied. *Id.* at 23-25. In his reply, the plaintiff makes much of the fact that the Maine Board of Overseers of the Bar has held that it is not unethical for an attorney to make recordings of a witness without the witness's knowledge, Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion for a Limited Protective Order ("Reply") (Docket No. 15) at 5-6,[1] but that was only one of several factors considered by the *Costa* court.

In *Mason v. T.K. Stanley, Inc.*, 229 F.R.D. 533 (S.D. Miss. 2005), the plaintiff surreptitiously recorded conversations with employees of the defendant which addressed

---

[1] The defendants have filed a motion for leave to file a surreply, characterizing this argument as "an entirely new legal argument" first raised in the plaintiff's reply. Motion for Leave to File Surreply (Docket No. 16) at 1. However, this portion of the plaintiff's reply memorandum appears to me to be nothing more than a permissible response attempting to distinguish authority cited by the defendants. In any event, I do not rely on this argument in reaching my conclusions on the motion for a protective order. The motion for leave to file a surreply is denied.

substantive issues in the litigation, portions of which would be admissible as statements against the interest of the defendant under Fed. R. Evid. 801(d)(2). *Id*. at 534. Because the substantive evidence "trumped" the impeachment value of the recordings, the court, held, the recordings could not be withheld until the employees' depositions had been taken. *Id*. at 537.

This recitation of case law from other jurisdictions may be rendered superfluous, however, by the subsequently published decision of Magistrate Judge Kravchuk of this court, decided after her discovery order discussed above and belatedly cited for the first time in the plaintiff's reply memorandum, in *Gerber v. Down East Community Hospital*, 266 F.R.D. 29 (D. Me. 2010). In this March 2010, decision, Judge Kravchuk addressed a dispute about the privilege log produced by the plaintiff in response to the February 2010, order. *Id*. at 30. As is the case here, the defendant did not dispute that the documents at issue were produced in anticipation of litigation and subject to privilege or work-product protection.

The documents at issue in *Gerber* were electronic records of conversations with potential witnesses created by the plaintiffs' counsel. *Id*. The issue was whether the plaintiff was required to disclose the names of the individuals questioned in a privilege log. *Id*. at 31. Judge Kravchuk further described the issue as follows:

> The question, as I see it, is whether Rule 26(b) requires that Plaintiffs report the names of individuals with whom they or their counsel have had communications to date, ahead of the mandatory pretrial disclosure of the specific witnesses whom Plaintiffs expect to call, or may call, for purposes of trial.

*Id*. at 35. She noted that "the obvious alternative and less burdensome approach is for Defendant to speak to the potential witnesses itself to determine what testimony they can offer." *Id*. Of course, in this case, the plaintiff has agreed to produce the names of the tape-recorded individuals as soon as the court rules on his motion. Motion at 4.

5

Judge Kravchuk did require the plaintiff to disclose the date of creation of each document "so that Defendant may consider how the date of creation relates to the likelihood that the document was prepared in anticipation of litigation or for trial purposes. Such an itemization is not likely to undermine Plaintiffs' claim of work product privilege here, because the current log indicates that the documents were produced subsequent to the Plaintiffs' termination date(s)." *Id.* at 37. In the case at hand, the tape recordings were all made before the plaintiff's termination, but I do not understand the defendants to be contending that the work product doctrine does not apply to them. In any event, the plaintiff has asserted a basis for invocation of the doctrine in his deposition testimony. Reply at 3 n.3.

While Judge Kravchuk's decision is not precisely on point, it strongly suggests that production of the tape recordings, even if they could be considered to include statements against interest by one of the defendants, should not be required before the deposition of each of the recorded individuals is taken. Once the plaintiff has produced the names of these individuals, the defendants are presumably capable of interviewing them before their depositions take place.

For the foregoing reasons, the plaintiff's motion for a limited protective order is **GRANTED**, but only in the following manner:

1. The plaintiff shall immediately provide the defendants with a list of the individuals whose conversations or statements were tape-recorded and the dates of each such recording.

2. The recording of each individual shall be produced to the defendants and the recorded individual immediately after the completion of that individual's deposition. If no deposition of a particular individual who was tape-recorded is scheduled within 60 days following the date of this order, the recording of that individual shall be produced to the defendants on the 61st day.

The defendants' motion for leave to file a surreply is **DENIED**.

Dated this 30th day of January, 2011.

                                                               <u>/s/ John H. Rich III</u>
                                                               John H. Rich III
                                                               United States Magistrate Judge