UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DENNIS MANSKE,           )
                         )
         Plaintiff       )
                         )
v.                       )          No. 2:10-cv-320-JAW
                         )
UPS CARTAGE SERVICES, INC., et al., )
                         )
         Defendants      )


## MEMORANDUM DECISION ON MOTION FOR RECONSIDERATION

The defendants, UPS Cartage Services, Inc., and UPS Supply Chain Solutions, Inc., ask me to reconsider my ruling, Docket No. 18, on the plaintiff's motion for a limited protective order. Defendants' Motion for Reconsideration ("Motion") (Docket No. 19) at 1. I deny the motion.

The only material change of relevance that has occurred since I issued my order on the plaintiff's motion on January 30, 2011, is that the plaintiff has now disclosed to the defendants, in accordance with that order, that there are tape recordings of only two individuals; both are described by the defendants as management employees and presumably could bind the defendants by their statements. Defendants' Reply Memorandum in Support of Their Motion for Reconsideration ("Reply") (Docket No. 27) at 4-5. If the statements of these individuals cannot bind the defendants, the defendants' argument based on the assertion that these statements are the statements of a party to the litigation fails.

This clarification does not alter the basis for my initial decision. As I said at that time, "production of the tape recordings, even if they could be considered to include statements against

1

interest by one of the defendants, should not be required before the deposition of each of the recorded individuals is taken. Once the plaintiff has produced the names of these individuals, the defendants are presumably capable of interviewing them before their depositions take place." Memorandum Decision on Motion for Limited Protective Order (Docket No. 18) at 6.

Similarly, the defendants' vigorous assertion that they did, in fact, take the position in their opposition to the motion for a protective order that the tape recordings were not work product does not entitle them to a different outcome. I am not persuaded by the defendants' bare assertion that the tapes *must* be considered substantive evidence, Reply at 5, particularly when the plaintiff, through his counsel, just as much an officer of this court as is counsel for the defendants, represents that the recordings "will be most relevant and valuable as impeachment evidence to the extent that [the previously recorded] witnesses do not testify honestly." Plaintiff's Opposition to Defendants' Motion for Reconsideration (Docket No. 24) at 5.

The defendants' professed fear that delaying their access to the tapes until the two recorded individuals have testified in deposition would make "trial . . . a game of blindman's bluff" and an "[un]fair contest," Reply at 6, is misplaced. Here, they will have the recordings well before trial, as soon as the depositions have been completed, in plenty of time to formulate plans to deflect whatever impeachment value those recordings may have, if any. The taped individuals are available to testify; there is no need to use their conversations with the plaintiff as substantive evidence, or at least, none has been identified by the defendants to date.

The defendants' motion for reconsideration is **DENIED**. The plaintiff will provide full copies of each recording to the defendants as ordered in my January 30, 2011, decision.

The clerk is hereby directed to schedule a telephone conference of counsel with the court to set a specific schedule for the defendants to answer the plaintiff's interrogatories numbers 12

and 13 and for the disclosure by the defendants of the required information about their designated expert witness. *See* Report of Hearing and Order Re: Status (Docket No. 26) at 2.

Dated this 24th day of February, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge