UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DENNIS MANSKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  2:10-cv-00320-JAW |
| | ) |
| UPS CARTAGE SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION TO EXCLUDE EXPERT TESTIMONY**

The Court dismisses as premature and inchoate the Plaintiff's motion to exclude the testimony of a defense expert.

On July 30, 2010, Dennis Manske filed a complaint against UPS Cartage Services, Inc. (Cartage), alleging that Cartage violated the Surface Transportation Assistance Act (STAA).[1]  On September 22, 2011, Mr. Manske moved to exclude the testimony of Darry Stuart on the grounds that he is expressing legal opinions, that his opinions about the motivations of Cartage management are based on an inadequate foundation and are not in any event a proper subject of expert testimony, that his proposed testimony about Mr. Manske's motivations is also without foundation and beyond Mr. Stuart's qualifications, that his testimony about whether it would be usual and customary for an employer in the trucking business to terminate an employee for Mr. Manske's actions is not a proper area for expert

---

[1]  On May 4, 2012, the Court denied Cartage's motion for summary judgment.  *Order on Mot. for Summ. J.* (Docket # 63).  A more detailed explanation of the factual bases for Mr. Manske's claim and Cartage's defense may be found in that Order.

testimony, and that Mr. Stuart's opinions would be prejudicial to Mr. Manske. *Pl.'s Mot. to Exclude Expert Test. of Darry Stuart* (Docket # 51).

Cartage responds that many of the opinions that Mr. Manske ascribes to Mr. Stuart are not his expert opinions at all. *Def.'s Opp'n to Mot. to Exclude Expert Test. of Darry Stuart* (Docket # 58). Cartage says it expects to offer Mr. Stuart's opinions about "1) the adequacy of Cartage's maintenance and safety procedures, 2) the company's response to the maintenance issues raised by Mr. Manske, 3) the management of trucking operations and employees generally as it relates to the extension of Mr. Manske's probationary status and his termination, and 4) whether the specific maintenance conditions reported by Mr. Manske to Cartage would render a vehicle unsafe to drive." *Id.* at 1. Cartage represents that the majority of what Mr. Manske fears Mr. Stuart will say is not in fact what Cartage intends to present though Mr. Stuart; instead, Cartage asserts that in expressing the opinions that Mr. Manske now objects to, Mr. Stuart was merely responding to Mr. Manske's attorney's questions at a deposition. *Id.* at 1-2.

Having reviewed the parties' submissions, the Court concludes that, as framed, the motion is not susceptible to definitive judicial resolution. Before the Court rules on the admissibility of proposed expert testimony, it is essential for the Court to know what the expert is prepared to say. Here, however, the parties do not agree as to what Mr. Stuart's testimony is going to be and, rather than risk the issuance of an advisory opinion, the Court requires that the parties present it with a concrete case or controversy. *See United States Nat'l Bank of Oregon v.*

*Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) ("a federal court lacks the power to render advisory opinions"). In addition, the motion raises issues better resolved by counsel themselves or, if necessary, by the Court either just before or during trial. As trial approaches, if these issues persist and Mr. Manske wishes to revisit the permissible scope of Mr. Stuart's expert testimony, he is free to file another motion *in limine*. If he does so, the Court will confer with counsel as to whether the Court should schedule a testimonial hearing so that it can better understand what is truly in dispute and the context for each proposed opinion or whether the Court should simply rule on objections as they arise at trial.

The Court DISMISSES without prejudice the Plaintiff's Motion to Exclude Expert Testimony of Darry Stuart (Docket # 51).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 9th day of May, 2012